CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 JUL 13 PM 12: 46

DEPUTY CLERK _____

# IN THE UNITED STATES DISTRICT COURT

## FOR THE _Northern_ DISTRICT OF TEXAS

## _Abilene_ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY
### A PERSON IN STATE CUSTODY

_Noe Armando Artiga_

**PETITIONER**
(Full name of Petitioner)

vs.

_Lorie Davis, TDCJ Director_

~~_William Stephens_~~

**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

_Texas Department of Criminal Justice_

**CURRENT PLACE OF CONFINEMENT**

_# 1984587_

**PRISONER ID NUMBER**

**CASE NUMBER**
(Supplied by the District Court Clerk)

---

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed _in forma pauperis_ must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed _in forma pauperis_. To proceed _in forma pauperis_, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified _In Forma Pauperis_ Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.      Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.      Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.      Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.      Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

| | | |
|---|---|---|
| ☒ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| ☐ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| ☐ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| ☐ | Other:_____ | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.      Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

        _182nd District Court: Harris County, Texas_

        _Murder - 50 years imprisonment_

2.      Date of judgment of conviction: _February 24 2015_____

3.      Length of sentence: _50 years_____

4.      Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action:_____

        _Cause # 1333910 - Murder_

-2-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.     What was your plea? (Check one)    ☐ Not Guilty    ☒ Guilty    ☐ Nolo Contendere

6.     Kind of trial: (Check one)    ☐ Jury    ☒ Judge Only

7.     Did you testify at trial?    ☒ Yes   *at Sentencing*   ■ No

8.     Did you appeal the judgment of conviction?    ☐ Yes    ☒ No

9.     If you did appeal, in what appellate court did you file your direct appeal? _____

    _____ Cause Number (if known): _____

    What was the result of your direct appeal (affirmed, modified or reversed)?_____

    What was the date of that decision? _____

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised:_____

    _____

    Result: _____

    Date of result: _____ Cause Number (if known): _____

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.    ☒ Yes    ☐ No

11.    If your answer to 10 is "Yes," give the following information:

    Name of court: *182nd District Court, Harris County, Texas*

    Nature of proceeding: *Post Conviction DNA Review / Appointment of an Attorney*

    Cause number (if known): *#1333910*

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: _Filed January 26, 2016_

Grounds raised: _Testing & Review of Biological Evidence for DNA will prove petitioners innocense_

Date of final decision: _Pending_

What was the decision? _Pending_

Name of court that issued the final decision: _N/A_

As to any second petition, application or motion, give the same information:

Name of court: _182nd District Court; Harris County Texas_

Nature of proceeding: _11.07 Habeas Corpus post conviction Review_

Cause number (if known): _# 1333410-A_

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: _July 7, 2016_

Grounds raised: _District Court Never Aquired Jurisdiction; Recieved Ineffective Assistance of Counsel on Guilty Plea, Sentencing & Consultation over pursuing a direct appeal_

Date of final decision: _Pending_

What was the decision? _Pending_

Name of court that issued the final decision: _N/A_

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.     Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?          ☐ Yes     ☒ No

(a)     If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)     Give the date and length of the sentence to be served in the future: _____

_____

(c)      Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☒ No

## Parole Revocation:

13.     Date and location of your parole revocation: _____

14.     Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.     For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No

16.     Are you eligible for release on mandatory supervision? ☐ Yes ☐ No

17.     Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

Disciplinary case number: _____

What was the nature of the disciplinary charge against you? _____

18.     Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time days? ☐ Yes ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: _____ _____ _____

19.     Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: _____

**All petitioners must answer the remaining questions:**

20.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.  **GROUND ONE:** Petitioner Seeks an Out-of-Time Appeal Due to Ineffective Assistance of Counsel

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was ineffective for failing to properly consult and advise petitioner in a timely manner that he had definitive grounds to overturn his conviction on direct appeal by his Juvenile Certification order being defective and there was insufficient evidence to allow the Juvenile Court to waive its jurisdiction over him.

B.  **GROUND TWO:** Petitioner's Guilty Plea Was not Made knowingly and Voluntarily due to Ineffective Assistance of Counsel

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to properly investigate and file a motion (under the right authority) and actively seek a hearing to suppress his statements as they were taken in violation of his rights as a juvenile governed by Texas Family Code statutes 52.02 and 52.025, If petitioner would have known his confession would have been supressed he would have insisted on going to trial.

-6-

C. **GROUND THREE:** Petitioner Recieved Ineffective Assistance of Counsel at Sentencing

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was ineffective for failing to present Expert testimony as mitigating evidence to help reduce his sentence. Expert witness testimony, namely Clinical psychologist Gerald Harris would have rebutted the States argument that petitioner had no remorse and was a future danger to society. With this material testimony there is a reasonable probability his sentence would have been reduced.

D. **GROUND FOUR:**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

21. Relief sought in this petition: Petitioner prays to the Court it should Grant him relief in the form of an out-of-time appeal and in the form of Setting aside his conviction and sentence. Petitioner respectfully prays to the Court to Grant him any other relief he may be entitled to.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☐ Yes ☒ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☒ Yes ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _11.07 Habeas Corpus - filed ✗ July 7, 2016_
_DNA motion filed January 26, 2016._

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: _Juvenile Hearing - Dan Berson_

    (b) At arraignment and plea: _Thomas J. Lewis_

    (c) At trial: _Thomas J. Lewis_

    (d) At sentencing: _Thomas J. Lewis_

    (e) On appeal: _N/A_

    (f) In any post-conviction proceeding: _DNA motion - Thomas A. Martin_

—8—

(g)   On appeal from any ruling against you in a post-conviction proceeding: _N/A_

_____

**Timeliness of Petition:**

26.   If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

Judgement was pronounced on February 24, 2015. The time for filing a notice of appeal expired March 25, 2015. Petitioner properly filed a post conviction DNA motion on January 26, 2016 tolling the 1 year limitation leaving him with 59 days left to file his federal petition. In concurrence with this tolling he filed a State habeas corpus petition and files the instant petition as a protective petition. ( See Accompanied motion)

_____

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_July 7, 2016_____ (month, day, year).

Executed (signed) on ~~Noe A. Artiga~~ 7-7-16 (date).

_____
Signature of Petitioner (required)

Petitioner's <u>current</u> address: _Noe Armando Artiga # 1984587_
_Robertson Unit 12071 F.M. 3522 Abilene, TX 79601_

**Case No.** _____
(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: ~~Noe Armando Artiga~~

DATE OF BIRTH: August 14, 1994

PLACE OF CONFINEMENT: Texas Department of Criminal Justice

TDCJ-CID NUMBER: 1984587     SID NUMBER: _____

(1) **This application concerns** (check all that apply):

    ☒ a conviction      ☐ parole

    ☒ a sentence      ☐ mandatory supervision

    ☐ time credit      ☒ out-of-time appeal or petition for discretionary review

(2) **What district court entered the judgment of the conviction you want relief from?** (Include the court number and county.)

    182nd District Court, Harris County, Texas

(3) **What was the case number in the trial court?**

    Cause No. 1333910

(4) **What was the name of the trial judge?**

    Hon. Jeannie Barr

(5)    Were you represented by counsel? If yes, provide the attorney's name:

Yes, Thomas J. Lewis


(6)    What was the date that the judgment was entered?

February 24, 2015


(7)    For what offense were you convicted and what was the sentence?

Murder; 50 years imprisonment


(8)    If you were sentenced on more than one count of an indictment in the same court at
       the same time, what counts were you convicted of and what was the sentence in each
       count?



(9)    What was the plea you entered? (Check one.)

       ☒ guilty-open plea            ☐ guilty-plea bargain
       ☐ not guilty                  ☐ *nolo contendere*/no contest

       If you entered different pleas to counts in a multi-count indictment, please explain:



(10)   What kind of trial did you have?

       ☒ no jury                     ☐ jury for guilt and punishment
                                     ☐ jury for guilt, judge for punishment


2

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

_____

_____

(12) Did you appeal from the judgment of conviction?

☐ yes                              ☒ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to?    _____

(B) What was the case number?    _____

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

_____

(D) What was the decision and the date of the decision?    _____

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                              ☒ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number?    _____

(B) What was the decision and the date of the decision?    _____

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                              ☒ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number?    _____

3

(B)  What was the decision and the date of the decision?  _____

(C)  Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____

_____

_____

_____

(15)  Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                              ☒ no

If you answered yes, please provide the name of the court and the case number:
I do plan on filing a Federal Habeas Corpus protective petition over this conviction as my properly filed DNA Motion has left me two months from being timebarred.

(16)  If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                              ☐ no

If you answered yes, answer the following questions:

(A)  What date did you present the claim?  _____

(B)  Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

4

_____

_____

_____

_____

_____

_____

(17)   Beginning on page 6, state *concisely* every legal ground for your claim that you are
       being unlawfully restrained, and then briefly summarize the facts supporting each
       ground. You must present each ground on the form application and a brief
       summary of the facts. *If your grounds and brief summary of the facts have not been
       presented on the form application, the Court will not consider your grounds.*
       If you have more than four grounds, use pages 14 and 15 of the form, which you
       may copy as many times as needed to give you a separate page for each ground, with
       each ground numbered in sequence. The recitation of the facts supporting each
       ground must be no longer than the two pages provided for the ground in the form.

       You may include with the form a memorandum of law if you want to present legal
       authorities, but the Court will *not* consider grounds for relief set out in a
       memorandum of law that were not raised on the form. The citations and argument
       must be in a memorandum that complies with Texas Rule of Appellate Procedure 73
       and does not exceed 15,000 words if computer-generated or 50 pages if not. If you
       are challenging the validity of your conviction, please include a summary of the facts
       pertaining to your offense and trial in your memorandum.

                                            5

Rev. 01/14/14

GROUND ONE: APPLICANT'S JUDGEMENT IS ABSOLUTELY VOID AND THE RECORD AFFIRMATIVELY REVEALS THAT THE 182nd DISTRICT COURT WHICH RENDERED THE JUDGEMENT HAD NO JURISDICTION

FACTS SUPPORTING GROUND ONE:

Applicant was notified by his trial attorney, Thomas J. Lewis, that the 314th

Juvenile Court did not properly waive its jurisdiction over him. Upon review

of his transcripts he asserts the 182nd District Court never aquired jurisdic-

tion over him and for the court to appoint him an attorney for this proceeding.

There was an ansence of jurisdiction for the 314th Court to transfer his

case as: 1) its Certification Order erroneously certifies the Court's waiver

of jurisdiction was based on Applicant waiving and agreeing to the Court's

waiver of jurisdiction. Applicant did not agree to the Juvenile Court waiving

its jurisdiction. His juvenile attorney Dan Gerson vigorously contested the

Juvenile Court waiving its jurisdiction and was even appointed by the Court

experts for his defense. 2) the 314th Juvenile Court's Certification did

not assess a valid reason and make the necessary findings of fact to justify

waiving its jurisdiction as prescribed by section 54.02(h) of the Texas Family

Code.

6

**GROUND TWO:** APPLICANT SEEKS AN OUT-OF-TIME APPEAL DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL

**FACTS SUPPORTING GROUND TWO:**

Applicant's trial attorney was ineffective for failing to properly consult and advise him in a timely manner that he had defenitive grounds to overturn his conviction on direct appeal by his 314th Juvenile Certification Order being defective and there was insufficient evidence to allow the Juvenile Court to waive its jurisdiction over him. If Applicant would have known about this ground he would have pursued a direct appeal over the matter instead of raising it as a collateral attack by writ of habeas corpus as his trial attorney suggested him doing.

8

Rev. 01/14/14

Rev. 01/14/14

**GROUND THREE:** APPLICANT'S GUILTY PLEA WAS NOT MADE KNOWINGLY
AND VOLUNTARY DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL

---

**FACTS SUPPORTING GROUND THREE:**

Applicant's attorney failed to properly investigate and file a motion (under

thr right authority) and actively seek a hearing to suppress his statements

as they were taken in violation of his rights as a juvenile governed by Texas

Family Code Statutes 52.02 and 52.025. Current well settled case law shows

that the Court would have granted such a motion. (See Memorandum). Upon review

of his attached exhibits and portions of his Juvenile Certification Hearing

the Homicide Detectives admit tey did not promptly notify Applicant's parents

that he was being interrogated and under arrest nor did they allow him to

call his Mom to be accompanied with him while being interrogated at the police

Station. (Certification Hearing RR:25-26). Evidence also suggests that Appli-

cant's statement was also inadmissible as it was not taken at a designated

juvenile processing office and the police did not without unneccessary delay

10

take him before the office designated by the Juvenile Board or to a juvenile

detention facility. If counsel would have had his certification hearing trans-

cribed and actively pursued a hearing and ruling on this matter the trial

court would have suppressed Applicant's statements. If Applicant would have

known his confession would have been suppressed he would not have pled guilty

but would have unequivocally insisted on going to trial.

11

Rev. 01/14/14

**GROUND FOUR:** APPLICANT RECIEVED INEFFECTIVE ASSISTANCE OF COUNSEL
AT SENTENCING

**FACTS SUPPORTING GROUND FOUR:**

Applicant's attorney was ineffective for failing to present Expert testimony

as mitigating evidence to help reduce his sentence. Expert witness testimony,

namely clinical psychologist, Gerald Harris, would have rebutted the States

argument that Applicant had no remorse and was a future danger to society.

From the testimony at Mr. Artiga's Juvenile Certification hearing, Mr. Harris

expressed that Applicant had remorse for his actions and a great capacity

for empathy and looking at other persons point of view (Certification Hearing

RR: 40). Mr. Harris expressed that Applicant was not a future danger and

had full potentual of being rehabilitated (RR: 41). Applicant's moral culp-

ability for his crimes was significantly reduced as his adaptive behavior

was significantly impaired by low socialization skills leaving him to be

easily manipulated and used by other individuals (RR: 39). With presentation

of this material testimony tere is a reasonable probability Mr. Artiga's

would have been reduced.

12

Rev. 01/14/14

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

Rev. 01/14/14

15

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

### VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: __Noe Armand Artiga__

State bar number, if applicable: _____

Address: __TDCJ # 1984587__
    __Robertson Unit__
    __12071 F.M. 3522__
    __Abilene, Texas 79601__

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, ___Noe Artiga___, am the applicant / petitioner (circle one) and

being presently incarcerated in ___TDCJ___, declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _July 7,_ , 20_16_.

_____
Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: ~~Noe Armand Artiga~~

Address: TDCJ # 1984587
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601

Telephone: _____

Fax: _____

Signed on July 7 , 20 16 .

_____
Signature of Petitioner

18

Rev. 01/14/14

To Office of the Clerk
    United States District Court
    For the Northern District of Texas
    Abilene Division

341 Pine Street, 2008
Abilene, Tx 79601

RECEIVED

JUL 1 3 2016

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

RE: Filed 28 USC 2254 Habeas Corpus by state prisoner
    and motion for protective petition

    I am currentley incarcerated in this Divisions District Court.
Federal law allows me to either file my federal petition where
my conviction arrose or where I am currentley incarcerated.
Wadsworth V. John 235 F.3d 959 (5th Cir. 2000) Without any indignation
to the clerk or the court I choose to file this petition where
I am currentley incarcerated due to its temporal promimity is
convenient for me. Some of my fellow inmates have informed me
this office has a habit of not filing petitioners petitions who
fall out of Robertson Unit out of Abilene, Tx. I ask you to please
not forward this petition as if this occurs I will be filing
a writ of mandamus to the 5th Circuit as the act of filing my
petition in this jurisdiction is a ministerial act.

    Currentley I am sending this petition along with a withdraw
form to deduct $5.00 from my account so TDCJ can send you an
institutinal check to pay the filing fee. This day I attest I
am sending everything in this Envelope to my units mailroom for
forwarding to this office. I Also attest as it may take some
time for my unit to process this filing as my experience is making
a withdraw can take up to a month due to Huntsville will have
to approve the $5.00 in funds to be sent to you.

    Also Enclosed is my motion for leave to file and permission
to file this Federal Petition as a protective petition due to
Extraordinary Circumstances and a request for a Stay and Abeyance
to exhaust state court remidies.

    If you could please inform me of reciept of this filing I
would greatley appreciate it.

    Submitted by placing this in my units mail room for forwarding
to this office of this ___7___ day of _July_ ,2016.

Noe Armando Artiga
#1984587
Robertson Unit
12071 F.M. 3522
Abilene, Tx 79601

Armando Artiga
4587 H
ru Unit
fm-3522
, TX 79601

LEGAL

Office of the Clerk
United States District Court
for the Northern District of Texas
Abilene Division

341 Pine Street 2008

Abilene TX 79601

LEGAL

RECEIVED
JUL 13 2016
CLERK DISTRICT COURT
NORTHERN DISTRICT OF TEXAS