CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2016 JUL 13 PM 12: 47
DEPUTY CLERK

CAUSE NO. 1333310-A

EX PARTE                                              IN THE 182nd
                                                      DISTRICT COURT
NOE ARMANDO ARTIGA                                    HARRIS COUNTY, TEXAS

## MEMORANDUM IN SUPPORT OF 11.07 HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

### I.
### INTRODUCTION

Applicant, Noe Artiga, files in this Court a writ of Habeas Corpus over his conviction for murder. In this memorandum in support of he explains briefly that he is entitled to relief in the form of an out-of-time appeal and that his conviction is void as the 182nd District Court never aquired jurisdiction over him. There is unequivocal holdings that his conviction should be set aside. Guerrero V. State, 2014 Tex. App. LEXIA 13773 (Houston 14); Moon V. State, 2014 Tex. Crim. App. LEXIS 1918. He further presents to the Court that he recieved ineffective assistance of counsel.

### II.
### PROCEDURAL HISTORY

Mr. Artiga was arrested on June 28, 2011 for the offense of murder. At the time of the offense he was 16 years of age. On January 18, 2012 after a contested hearing the 314th District Juvenile Court issued an order waiving its jurisdiction and for him to be transferred to the 182nd Criminal District Court of Harris County. Upon being certified to stand trial as an adult, Applicant subsequently pled guilty on May 02, 2014 without any agreed recommedation by the State. (See Applicant's Exhibit A). After a PSI hearing before the trial judge, he was sentenced to 50 years imprisonment on february 24, 2015. No direct appeal was taken over his conviction. On February 01, 2016 the Trial Court GRANTED his motion for Nunc Pro Tunc Judgement and Amended the Court's Judgement to accredit his time spent in a Juvenile Facility. This is Applicant's first initial writ of Habeas Corpus over his conviction.

### III.
### STATE COURT RECORD

Applicant is currently indigent and was not able to purchase a copy of his transcripts in the 182nd District Court and the 314th Juvenile Court for the purpose of attaching them in their entirity as an exhibit in

support of his writ. Due to this he filed a motion and the Court permitted him to receive some of his transcript for free (See Exhibit D). Because it is Applicant's burden to produce his transcripts as an exhibit in light of Ex Parte Rodriguez 466 S.W.3d 846 (Tex. Crim. App. 2015) he asks the Court to review them and provide any others he can not afford to purchase as an attachment in support his writ for review by the Court of Criminal Appeals.

## IV.
## STATEMENT OF THE CASE

Noe Artiga was arrested for the murder of Jonathan Hernandez. At the time of this offense Applicant was 16 years of age. Upon being interrogated he confessed to his involvement in this murder and subsequently confessed to witnessing the murder of Anayanci Roche (See Applicant's Exhibit F). Being a juvenile he was assigned the 314th Juvenile District Court. Applicant's Juvenile attorney, Dan Gerson, hotly contested the Court's Discretionary Transfer in the Waiver of its Jurisdiction with expert testimony before the Court. (See Applicant's Exhibit C and D). Ultimately the 314th Court ordered on January 18, 2012 that its jurisdiction should be waived and transferred Mr. Artiga to the 182nd Criminal District Court. Due to Applicant's confession Mr. Artiga's trial attorney, Thomas Lewis, informed him it was in his best interest to openly plead guilty before the Court without a recommendation by the State and have the Trial Judge sentence him. (See Applicant's Exhibit E). On February 24, 2015 a sentencing hearing was conducted and the Court sentenced him to 50 years imprisonment. No direct appeal was taken despite the trial court certifying he had a right to appeal his conviction. On June 19, 2015 Mr. Lewis wrote applicant a letter to his prison unit conveying that there may be grounds to appeal his conviction. (See Applicant's Exhibit B). In light of this letter, Applicant has researched his case and files the instant habeas corpus over his conviction. Further facts involved in this Applicantion will be discussed with his legal argument.

## V.
## LEGAL ARGUMENT

A. APPLICANT'S JUDGEMENT IS ABSOLUTELY VOID AND THE RECORD AFFIRM-
   ATIVELY REVEALS THAT THE 182nd DISTRICT COURT WHICH RENDERED
   THE JUDGEMENT HAD NO JURISDICTION

The Court of Criminal Appeals has held that the Great Writ is always cognizable for jurisdictional defects in the initial application for

Writ of Habeas Corpus despite Applicant's failure to raise this defect on direct appeal. Ex Parte Moss, 466 S.W.3d 746 (Tex. Crim. App. 2014). On collateral attack if there is an absence of jurisdiction in the form of a juvenile courts authority to transfer a case to criminal district court then the conviction is void. Ex Parte Rodriquez, 466 S.W.3d 846 (Tex. Crim. App. 2015).

With admirable candor Mr. Artiga's trial attorney notified him that his juvenile certification in the 314th Juvenile District Court was fundamentally defective and that he had grounds to overturn his conviction in light of Moon V. State, 451 S.W.3d 28 (Tex. Crim. App. 2014) (See Applicants Exhibit B). In researching this claim it is defenitive that the Houston Court of Appeals has held a criminal district court never aquires jurisdiction over an individual when their juvenile certification order is deficient under Moon. Id. **Guerrero V. State**, 2014 Tex. App. LEXIS 13773 (Houston 14th); Yado V. State, 2015 Tex. App. LEXIS 6685 (Houston 1st Dist). In fact in Gerrero Id. the 14th Court of Appeals held the 314th Juvenile Court (the same Court Mr. Artiga was in) was issuing "boiler plate" language on all its certification orders an not including any specific evidentiary findings to support its determination in giving a valid reason for juveniles to be transferred to criminal district court. Once Applicant recieved this information he contacted his previous juvenile attorney, Dan Gerson, who represented him in the proceedings for the purpose of receiving his attorney-client file. It seems the 314th Juvenile Court's transfer order erroneously states Applicant waived and agreed to the Court's waiver of jurisdiction over him. Applicant at no time agreed to the Court's waiver of jurisdiction as his attorney vigorously contested the Court's discretionary waiver in this proceeding. (See Applicants Exhibit C and D).

Upon its face Mr. Artiga's Juvenile Certification does not comply with common law precedent and there was an absence in jurisdiction for the 314th Juvenile Court to transfer his case as: 1) the 314th Court erroneously certified that the bases of waiving its jurisdiction was due to applicant waiving and agreeing to the court waiving its jurisdiction; 2) The Court's certification did not assess a valid reason and make the necessary findings of fact to justify waiving its jurisdiction as proscribed by section 54.02(h) of the Texas Family Code. In support Applicant attaches his certification order as an exhibit (See Applicant's Exhibit A).

The Court of Criminal Appeals in <u>Moon V. State</u>, 451 S.W.3d 28 (Tex. Crim. App. 2014) held that the legislature mandated under Tex. Fam. Code. 54.02(h) that the Juvenile Court "shall state specifically in its order its reasons for waiving and certify its action, including the written order and findings of the court." The explicit findings of the court within its order are the only things that constitute a valid reason for the purposes of waiving its jurisdiction.

It is clear there was an absence of jurisdiction for the 314th Court to transfer Applicant's case as the Court's specific reasoning was due in part to erroneously finding Mr. Artiga agreed to the Court's waiver of jurisdiction over him. This Court can see from the attached exhibits that this was not the case as Mr. Artiga vigorously contested the Court's waiver of its juridiction. Applicant duly had a right for the Court to take under advisement that he wished to contest the Courts waiver of jurisdiction and for the Court to issue necessary findings in response to his argument as designated by Tex. Fam. Code 54.02(h)

There was also an absence in jurisdiction for the 314th Court to transfer Mr. Artiga's case as the certification order made no case specific findings under Tex. Fam. Code 54.02(h) that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings. Tex. Fam. Code 54.02(a)(3). As best put forth in <u>Guerrero V. State</u>, 2014 Tex. App. LEXIS 13773 (Houston 14th Dist.) the 182nd District Court never aquired jurisdiction over Mr. Artiga as his "transfer oredr made no findings about the specifics of the offense and found no more than probable cause to believe that applicant commited the offense alleged". Because the 314th Court provided NO Evidence on why the seriousness of the offense alleged or even stated if the background of the child was being used as a reason to transfer the case for criminal proceedings, the 314th Court "based on this particular fact" provided no evidence to expressly give the 182nd District Court jurisdiction over him.

Mr. Artiga prior to this charge had no prior criminal history. The Court would have highly benefited if it took into consideration that Mr. Artiga wished to contest the Court's Waiver of Jurisdiction and if the Court had to expessedly order its specific reasonings to justify a transfer. If the Court would have been forced to articulate its facts in support of as required by Tex. Fam. Code 54.02(h) it would have been seen a boiler plate waiver was not appropriate, and that Mr. Artiga would have benefited and would have been rehabilitated in the Court allowing him to remain in the juvenile system.

-4-

B. APPLICANT SEEKS AN OUT-OF-TIME APPEAL DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL

A defendant in criminal proceedings has a constitutional right for his trial attorney to adequately consult and advise him about possible advantages to taking an appeal over his conviction and make a reasonable effort to discover the defendant's wishes. Roe V. Flores@Ortega, 528 U.S. 470 (2000). This right encompasses an attorney to give adequate advice for the purposes of making an informed decision. Padilla V. Kentucky, 130 S.Ct 1473 (2010). Applicant's trial attorney was ineffective for failing to properly consult and advise him at the time of the pronouncement and judgement of his sentence that he had defenitive grounds to overturn his conviction in light of his 314th Juvenile Certification Order being defective and there was insufficient evidence to allow the juvenile court to waive its jurisdiction over him.

On May 02, 2014 Applicant openly pled guilty without an agreed recommendation by the State as to punishment. Despite some of the erroneous boiler plate statements in the plea papers the record reflects that the trial judge certified his right to appeal and in the trial courts admonishments the judge approval actually crossed out and Applicant did not initial that he was giving up his right to appeal and for the Court Reporter to record his plea. (See Exhibit A). Willis V. State, 121 S.w.3d 400 (Tex. Crim. App. 2003). In all events the trial judges certification of his right to appeal is controlling. Grice V. State, 162 S.w.3d 641 (Tex. App. Houtson [14 Dist] 2005) (Holding "Trial Court's Certification of Defendant's Right of Appeal" controls right to appeal even though waiver clause in plea and judgement erroneously indicate Applicant waived right to appeal); Galliford V. State, 201 S.w.3d 600 (Tex. App. Houston [1st Dist] 2003) (Holding trial judges order granting permission to appeal rebuts the presumption that Applicant waived the right to appeal). On february 24, 2015 a sentencing hearing was conducted and teh trial court sentenced him to 50 years imprisonment. Applicant did not instruct and never consulted a desire to appeal his conviction as at the time he believed there were no serious appealable grounds that merited a reversal of his conviction. (See Exhibit E). The time for filing a notice of appeal expired March 26, 2015.

On June 19, 2015 Applicant's trial attorney, Thomas Lewis, contacted him and told Applicant that he had grounds to overturn his conviction in regards to error in his juvenile transfer proceedings due to the recently

-5-

decided case Moon V. State, 451 S.W.3d 28 (Tex. Crim. App. 2014) that was delivered on December 10, 2014 approximately two months before judgement and sentence was pronounced in his case. (See Exhibit B). Upon Applicant's own research a direct appeal over his juvenile proceeding should have been filed 30 days after his conviction according to Tex. Crim. Proc 44.7 Appeal of Transfer from Juvenile Court (Recently Reppealed). This issue is kind of confusing as before Sept 01, 1994 an appeal over juvenile proceedings errors should have first been filed after the juvenile court waived its jurisdiction. After Sept 01, 1994 until Sept 01, 2015 the appeal had to be taken after the conviction. Then again after Sept 01, 2015 the 84th Legislature changed it back to a defendant has to appeal the transfer order immediately after the juvenile court waives its jurisdiction.

Due to the confusing nature of the change in statutory law governing when a proper notice of appeal is perfected over a juvenile transfer proceeding and in light of the recent Court of Criminal Appeals case being decided just two months before his sentence, his trial attorney was ineffective for failing to properly advise and consult with him in a timely manner that he had an unequivocal ground to overturn his conviction. In fact Applicant's own research shows that before he was sentenced there was a recent case out of the 14th Court of Appeals (Houston) decided on December 23, 2014 that held the same 314th Juvenile Court as he was in was defective for issuing an almost identical waiver of jurisdiction certification order. Guerrero V. State, 2014 Tex. App. LEXIS 13773 (Houston 14). As applicant believed there were no viable grounds to appeal his conviction, making it a frivilous pursuit, he never instructed counsel to file a notice of appeal for him. It is clear if applicant's trial attorney would have informed him about these cases and error before hand, applicant would have unequivocally instructed his attorney to file a notice of appeal on his behalf and pursued a direct appeal over his conviction rather than have the Juvenile Certification issue litigated on Habeas Corpus review.

C. APPLICANT'S GUILTY PLEA WAS NOT MADE KNOWINGLY AND VOLUNTARILY DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment of the U.S. Constitution guarantees the right to effective assistance of counsel in criminal proceedings. Strickland V. Washington, 466 U.S. 668 (1984). In the context of guilty plea a defendant

is enitled to have their conviction set aside if 1) the attorneys performance was deficient and 2) there is a reasonable probability he would not have pled guilty but for the deficient performance. Hill V. Lockhart, 474 U.S. 82 (1985). There has been consistent case law that has held an attorney ineffective for failing to object to inadmissible evidence. Kimmelan V. Morrison, 477 U.S. 365 (1986). In this case Applicant's attorney failed to properly investigate and file a motion and seek a hearing/ruling to suppress his statements as they were taken in violation of our rights as a juvenile governed by Tex. Fam. Code 52.02 and 52.025. Current well settled case law shows the Court would have granted such a motion. State V. Simpson, 105 S.w.3d 238 (Tex. App. Tyler 2003); In re D.J.C., 312 S.w.3d 704 (Tex. App. Houston [1st Dist] 2009); L.E. V. State, 993 S.w.3d 650 (Tex. Crim. App. 1999). If applicant would have known his confession would have been suppressed he would have not plead guilty but would have unequivocally insisted on going to trial.

    Applicant was unequivocally under arrest when the Houston Police Department took him to FBI Headquarters for questioning. (See Applicant's Exhibit D). Mr. Artiga was continuously in handcuffs and not allowed to contact his mother despite his protests for him to consult with her (See Applicant's Exhibit E). There he confessed to the murder he was charged for. After the FBI was through with him, Homicide Detectives with the Houston Police Department took him at 6:30pm to see Magistrate Ronald C. Nicholas at the Harris County Court House. Mr. Nicholas read Mr. Artiga his warnings pertaining to juveniles as proscribed by Tex. Fam. Code 51.095 (See Applicant's Exhibit F). After his warnings were read instead of taking Mr. Artiga's statement there or at a juvenile processing office they took him at 7:00pm to be interviewed at the Homicide Offices of the Houston Police Department located at 6th Floor of 1200 Travis Street. There Mr. Artiga subsequently confessed to the murder for a second time.

    The Court of Criminal Appeals has "established a policy of strict compliance with the family code especially section 52.02 and 52.025" Roquemore V. State, 60 S.w.3d 862 (Tex. Crim. App. 2001); Comer V. State, 776 S.w.2d 191 (Tex. Crim. App. 1989); L.E. V. State, 993 S.w.2d 650 (Tex. Crim. App 1999). Applicant's statement was inadmissible as it violated Texas Family Code 52.02(b) and 52.025(c) as Mr. Artiga's parents were not promptly notified that he was in custody and being interrogated and he was not allowed to call his mom for her to accompany him during his interrogation. The evidence derived in his Court Reporter's Certification Hearing (See Applicant's Exhibit D) shows the detectives elicited they did not follow the law. (RR: 25-26)

-7-

Q: Okay. When he was taking — when he was taken — before he was taken to see the magistrate, were his parents ever notified that he was a juvenile under arrest being taken to be investigated?

A: Not to my knowledge.

Q: Okay. At any time before, after he was interrogated there, were his parents notified of the situation.

A: Yes.

Q: At what point?

A: Once we were finsihed talking to him, he was allowed to call.

Q: So he was not allowed to contact his parents before he was interrogated?

A: Thats correct.

Q: And his parents were <u>not notified before he was interrogated</u> that he was under arrest?

A: Thats correct.

      In addressing this violation there must be a casual connection that Mr. Artiga would not have given the statements if his rights were not violated. <u>Pham V. State</u>, 72 S.w.3d 346 (Tex. Crim. App. 2002); <u>Gonzales v. State</u>, 67 S.w.3d 910 (Tex. Crim. App. 2002). Upon clear case law juveniles statements are suppressed when there is evidence the defendant would not have given a statement to police. <u>State V. Simpson</u>, 10 S.w.3d 238 (Tex. App. Tyler 2003); <u>Roquemore V. State</u>, 60 S.w.3d 862 (Tex. Crim. App. 2001). Mr. Artiga's case is identical to <u>State V. Simpson</u>, 10 S.w.3d 238 (Tex. App. Tyler 2003) and <u>In re D.J.C.</u>, 312 S.w.3d 704 (Tex. App. Houston [1st Dist] 2009). Applicant and his mom assert if he was allowed to call his mom to accompany him during the interrogation or if the Detectives would have promptly notified his mom before he confessed she would have personally went to the homicide offices or advised her son on the phone not to talk to the police. Once her son was allowed to call her she learned on the phone from him that he had already confessed and there was nothing she would do but start hiring an attorney. (See Applicant's Exhibit E).

      Applicant's statement was also inadmissible as it was not taken at a designated juvenile processing office and the police did not without unnecessary delay take Mr. Artiga before the office or official designated by the juvenile board or to a juvenile detention facility. Besides taking

Mr. Artiga for interrogation by the HPD (which is obviously in violation of the statutes) this case is identical to L.E. V. State, Id. In L.E. and in Mr. Artiga's case after taking them to the city magistrate to read their rights they were taken to the Homicide Division of the Houston Police Department for questioning. Because the Homicide office was not an option under Tex. Fam. Code 52.02(a) or 52.025(a) the detectives acted prematurely in getting a statement from Mr. Artiga. The detectives should have either obtained Mr. Artiga's confession at the city magistrate or without unnecessary delay have taken him to a juvenile office or detention facility. A juvenile office should have at that point referred the case back to the Houston Homicide detectives for the purposes of obtaining a statement. The legislature has mandated the proper handling of juvenile statements as a casual connection of being processed with adults can be seen to intimidate and produce involutary statements. In re D.J.C., 312 S.W.3d 704 (Tex. App. Houston [1st Dist] 2009).

It is clear with the application of consistent case law that with actually filing a motion to supress under the right authority and actually seeking a hearing / ruling on this matter the court would have granted a motion to suppress Mr. Artiga's statements. If Mr. Artiga would have known his statement would have been suppressed he would have unequivocally insisted on going to trial and not have plead guilty. Without his confession the States case was extremely weak as there was no eye witness to the crime.

D. APPLICANT RECIEVED INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING

As a threshold matter, before trial counsel can render effective assistance of counsel he must have a firm command of the facts of the case, which entails the responsibility to seek out and interview potential witnesses. Ex parte Welborn, 785 S.W.2d 391 (Tex. Crim. App. 1990). The U.S. Supreme Court has held seeking expert and mitigating evidence is crucial to being effective in representaing a defendant at sentencing. William V. Taylor, 120 S.Ct 1495 (2000); Wiggins V. Smith, 534 U.S. 510 (2003); Ronilla V. Beard, 525 U.S. 374 (2005)(all containing findings that trial counsel's strategy was not reasonable).

The evidence presented in this application shows counsel should have transcribed his juvenile certification hearing as he would have found the court would have benefited in hearing expert witness testimony on behalf of Mr. Artiga's defense. (See Applicant's D). If funding was a problem the

-9-

court would surely have granted him funds to hire an expert on behalf of applicant's defense. Ex parte Briggs, 187 S.W.3d 458 (Tex. Crim. App. 2005). Counsel should have presented expert witness testimony, namely clinical psychologist, Gerald Harris, as he would have rebutted the States argument that Applicant had no remorse and was a future danger to society. From the testimony at Mr. Artiga's Juvenile Certification Hearing Mr. Harris expressed that Applicant had remorse from his action and a great capacity for empathy and looking at other persons point of view (Certification Hearing RR:40) Mr. Harris expressed that Applicant was not a future danger and had full potential of being rehabilitated (RR:41). Applicant's moral culpability for his crimes was significantly reduced as his adaptive behavior was significantly impaired by low socialization skills leaving him to be easily manipulated and used by other individuals (RR: 39). With this material testimony there is a reasonable probability Mr. Artiga's sentence would have been reduced.

## VI.
## FULL AND FAIR HEARING

Applicant asserts his right to have these controverted matters resolved by the trial court conducting a full and fair hearing in this proceeding. Applicant respectfully requests the Court to conduct an evidentiary hearing in resolving the merits of this writ. An evidentiary hearing will give the Court ample support to expand the record for developing the Court's potential findings of fact and conclusions of law. Applicant asks the Court to exercise its discretionary power in providing an evidentiary hearing over this matter so it can properly rebut any defense or argument in response by the State.

## VII.
## CONCLUSION

Applicant respectfully prays to the Court that it should <u>GRANT</u> him relief in the form of an out-of-time appeal and in the form of setting aside his conviction. Applicant respectfully prays to the Court to <u>GRANT</u> him other relief he may be entitled to.

Respectfully Submitted,

_____
Noe Armando Artiga #1984587
Robertson Unit
12071 FM 3522
Abilene, TX 79601

-10-