December 17th, 2016

United States District Court
Southern District of Texas
FILED
DEC 21 2016
David J. Bradley, Clerk of Court

To United States District Court
   Southern District of Texas
   Clerk of Court
   P.O. Box 61010
   Houston, Texas 77208

RE: Protective Petition; Noe Armando Artiga V. Lori Davis
    Case: 4:16-cv-02219

   Recentley I was able to have my family make a copy of the 1rst Court of Appeals Opinion in my case. Last week I sent the cout a motion I filed to expidite the court of appeals mandate. I currentely have a protective petition over my conviction filed in this court. The trial court would not allow me to file a 11.07 habeas corpus over my conviction because it erroneously concluded the appeal I had was over my conviction and not over the denial of a free transcripts motion. Because of this the Court of Criminal Appeals dismissed my habeas corpus even though I am almost 2 months from being time barred. Until the mandate issues from this appeal I can not file my habeas corpus.

   Just wanting to send a copy of this opinion in my letter for the court to compare with the trial courts findings of erroneously dismissing my habeas corpus. I am still seeking a stay and will be immediatley be refiling my state habeas corpus once the mandate has been issued. Trying to send the court all the paper work I have sent in the past weeks to show the court my due diligence and my respect for allowing me to have a protective petition filed in my case.

   I will notify this court when the state court makes a final ruling on my habeas corpus.

                            Sincerely,

                            Noe Armando Artiga#1984587
                            Robertson Unit
                            12071 F.M. 3522
                            Abilene, Tx 79601

Opinion issued November 8, 2016



In The

# Court of Appeals

For The

## First District of Texas

———

NO. 01-16-00363-CR

———

NOE ARMANDO ARTIGA, Appellant

V.

THE STATE OF TEXAS, Appellee

———

On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Case No. 1333910

———

## MEMORANDUM OPINION

Appellant pleaded guilty to the offense of murder and was sentenced to 50 years' imprisonment. He did not appeal the judgment and the conviction became final. Appellant subsequently filed a pro se notice of appeal from the trial court's denial of his "Motion to be Provided/Furnished Free Copy of Court Reporter's

Proceedings and Transcripts in Support of Filing a Writ of Habeas Corpus." Appellant requests that, in the event we determine that we lack jurisdiction over his attempted appeal, we alternatively issue a writ of mandamus compelling the trial court to grant his motion. We dismiss the appeal for lack of jurisdiction and deny the alternative request for a writ of mandamus.

The right to appeal in criminal cases is conferred by the Legislature, and a party may appeal only from judgments of conviction or interlocutory orders authorized as appealable. *See* TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). The courts of appeals do not have jurisdiction to review interlocutory orders in criminal cases unless that jurisdiction has been granted by law expressly. *See Ragston*, 424 S.W.3d at 52. "The denial of a motion to obtain a free record is not an appealable order." *Hosea v. State*, No. 01-14-01017-CR, 2015 WL 831997, at *1 (Tex. App.—Houston [1st Dist.] Feb. 26, 2015, no pet.) (mem. op., not designated for publication); *Poole v. State*, No. 14-14-00081-CR, 2014 WL 1268617, at *1 (Tex. App.—Houston [14th Dist.] Mar. 27, 2014, no pet.) (mem. op., not designated for publication); *see also Richard v. State*, No. 01-16-00196-CR, 2016 WL 1470029, at *1 (Tex. App.—Houston [1st Dist.], Apr. 14, 2016, no pet.) (mem. op., not designated for publication); *Quijano v. State*, No. 14-11-01105-CR, 2012 WL 214293, at *1 (Tex. App.—Houston [14th Dist.] Jan. 24, 2012, no pet.) (mem. op.,

not designated for publication). Because this appeal does not fall within any exceptions to the general rule that appeals may be taken only from a final judgment of conviction, we have no jurisdiction over the attempted appeal. *See Abbot v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f); *Hosea*, 2015 WL 831997 at *1 (dismissing appeal for want of jurisdiction when trial court denied appellant's request for free copy of record to prosecute postconviction writ of habeas corpus).

Appellant's alternative request for a writ of mandamus compelling the trial court to grant his motion for a free reporter's record in connection with this appeal is denied. *See, e.g., In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) ("A criminal defendant is not entitled to a free copy of the record once he has exhausted his state appeals, absent some compelling, recognized reason."). Because the fee for preparing the reporter's record has been paid by the county and the reporter's record has been filed in this case, we direct the trial court clerk to provide a copy of the reporter's record to appellant. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

Noe Armando Artiga #1984587
Robertson Unit
12071 F.M. 3522
Abilene, Tx 79601

LEGAL MAIL

United states District Court
Southern District of Texas
Clerk of Court
P.O. Box 61010
Houston, Tx 77208

ABILENE TX 795
19 DEC 2016 PM 4 L

United States District Court
Southern District of Texas
FILED
DEC 21 2016
David J. Bradley, Clerk of Court